EASTERN DIS.
August, 1832.

JOHNSTON
vs.
HICKEY.

A creditor of several debtors *in solido*, who has received a dividend from the estate of one of them, can only claim from the estate of the others the amount due, after deducting the payment made

---

## JOHNSTON vs. HICKEY.

### APPEAL FROM THE COURT OF THE THIRD DISTRICT.

4L 284
46 283

4L 284
105 702

For the purpose of deciding on a motion to dissolve an injunction, the facts alleged in the petition on which it is obtained, are taken as true, but may be controverted in an answer on the merits, if such motion does not prevail.

On the second of April, 1830, the defendant and appellee gave notice to the plaintiff that he had obtained an order of

EASTERN DIS.
*August, 1832.*
===============
JOHNSTON
*vs.*
HICKEY.

seizure and sale of the lands sold by him to the plaintiff, to enforce the payment of nine hundred and seventy-two dollars, being the instalment due on the first of March, 1830, on the price stipulated for the purchase of the one undivided half of two tracts of land sold by defendant to plaintiff. On the eighth of April, 1830, the plaintiff petitioned for and obtained an injunction on the following grounds: 1. That on the fifth June, 1827, the defendant sold him the undivided half of two tracts of land for which he was to pay the sum of four thousand eight hundred and sixty dollars in five equal annual instalments. 2. That the defendant had instituted a suit against him upon two of the instalments, and that, in that suit the whole contract was put at issue upon certain grounds which he believed to be tenable; that, therefore, the subject matter of the present contest is pending in another action in the same court.

The petition further alleged that the same grounds of defence set up by him, in the case above referred to, he presents and makes to the present application, and insists that they ought to be consolidated and put together; that there was a deficiency of more than one-twentieth part of the whole quantity of land sold to him, and that he had large claims against the defendant, now in suit, in the case aforesaid.

The injunction was afterwards dissolved, on motion, and the plaintiff appealed.

*Turner* and *Brunot,* for appellant, urged:

That the petition had sufficient allegations to warrant the injunction.

*Morgan, contra,* contended:

1. That injunction was not the proper remedy, no provision of the code warranting it in such a case.

2. No injunction can issue to restrain executory process unless for one of the reasons assigned in *articles* 738–9, *C. P..*

EASTERN DIS.
*August*, 1832.

JOHNSTON
*vs.*
HICKEY.

3. The reference to another suit is not a clear and concise statement of the object of the plaintiff's demand. *C. Practice,* 172—5

MATHEWS, J., delivered the opinion of the court.

In this case the plaintiff obtained an injunction against an order of seizure and sale, which was about to issue against his property at the instance of the defendant. The petition for the injunction has reference to a suit pending between these parties in relation to part of the same contract on which the order of seizure is claimed in the present case, and reference is made to the answer in that suit, to ascertain some of the facts relied on to obtain the injunction in the present. The plaintiff also alleges a deficiency of more than one-twentieth in the quantity of land sold to him by the defendant; to recover the payment of the price of which the order of seizure was claimed.

The injunction which was granted, was afterwards dissolved, on motion; and from the decree of dissolution the plaintiff appealed.

For the purpose of deciding on a motion to dissolve an injunction, the facts alleged in the petition on which it is obtained, are taken as true, but afterwards may be controverted in an answer on the merits, if such motion does not prevail. We are of opinion that the facts alleged in the present case, ought to have been considered by the court below as sufficient to sustain the injunction until the cause could be heard and determined on its merits.

*For the purpose of deciding on a motion to dissolve an injunction, the facts alleged in the petition on which it is obtained, are taken as true, but may be controverted in an answer on the merits, if such motion does not prevail.*

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, and the cause sent back to be proceeded in according to law; the appellee to pay costs of the appeal.